IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| COOSA RIVER BASIN INITIATIVE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>3M COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 4:25-cv-00075-AT |

**THE CARPET COMPANIES' REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO STAY**

　　Plaintiffs' Opposition gives short shrift to the actual factors the Court should consider "[w]hen deciding whether to grant a stay." *TomCo2 Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008). Applying those factors here, the Court should stay this case in deference to the first-filed CERCLA Lawsuit because (i) there is no prejudice to Plaintiffs, (ii) a stay will simplify the issues in this case, as the EPA may get involved in the CERCLA Lawsuit, which would strip this Court of jurisdiction, and (iii) discovery has not started and no trial date is set.

## ARGUMENT

　　Plaintiffs' opposition fails to overcome the substantial showing made by Defendants. Among other things, granting the relief requested by Defendants will

reduce duplication of effort, will simplify any residual case, and will not prejudice Plaintiffs.  As discussed in the Carpet Companies' opening brief and further below, under the relevant factors, the Court should grant the Motion to Stay.

First, Plaintiffs fail to demonstrate prejudice by a stay of this duplicative, second-filed case.  *See generally* Opp. at 8-23.  As explained in the Carpet Companies' Motion, "Plaintiffs' desired remediation of the LAS will take place in the CERCLA Lawsuit regardless of whether this lawsuit proceeds."  Mot. at 2-3.  At most (though without actually discussing any prejudice), Plaintiffs argue that their request for injunctive relief is "not the same" as the response costs[1] requested by Dalton Utilities.  *See* Opp. at 10-11.  But as argued in Dalton Utilities' Reply Brief, that understates the relief sought by Dalton Utilities under CERCLA.  And, in any event, even if the requests for relief in the two lawsuits are different on the margins, Plaintiffs' argument ignores that Dalton Utilities has made clear that it "***must*** . . . remedy the existing PFAS contamination."  *See* Doc. 60-2 (CERCLA Lawsuit Am.

---

[1] Plaintiffs fault the Carpet Companies for citing to a regulatory definition of "response costs" in an analogous context, which includes costs "to be incurred." *See* Opp. at 11.  But, like that analogous definition, under CERCLA, Dalton Utilities can seek to recover "*all* past ***and future*** costs of response that may be incurred by a CERCLA § 107 plaintiff." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 263 F. Supp. 2d 796, 862 (D.N.J. 2003) (first emphasis in original; second emphasis added).  There is also no dispute that Dalton Utilities seeks a declaration on the "response costs [it] . . . ***will*** incur."  Doc. 60-2 (CERCLA Lawsuit Am. Compl.) ¶ 182 (emphasis added).  At bottom, both Dalton Utilities and Plaintiffs clearly seek forward-looking relief with respect to the LAS.

Compl.) ¶ 16 (emphasis added). As a result, Plaintiffs' alleged injuries will be remedied in the CERCLA Lawsuit, so there is no prejudice in staying this case.

Second, a stay will simplify the issues by saving resources in a case over which this Court may ultimately lack jurisdiction.[2] There is a realistic probability that the EPA will get involved in the CERCLA Lawsuit, in which case this Court will be stripped of jurisdiction. *See* Mot. at 4. Under 42 U.S.C. § 9613(h), federal courts lack jurisdiction to review any "challenges" to the EPA's actions under CERCLA. Plaintiffs half-heartedly suggest that their lawsuit would not amount to a challenge, but they provide no analysis whatsoever to explain why. *See* Opp. at 17-18. Regardless, as noted in the Carpet Companies' Motion to Stay, courts routinely find a lack of jurisdiction in this situation.[3]

Plaintiffs instead harp on the "***hypothetical***" nature of this possibility. *See* Opp. at 18 & n.7.[4] But if there is anything hypothetical in these arguments, it is

---

[2] A stay will also simplify the issues by ensuring that these cases do not proceed simultaneously before different judges resulting in differing opinions on remediation of the LAS and who might be responsible for remediation. *See* Mot. at 3-4.

[3] *See, e.g.*, *McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 330 (9th Cir. 1995) (dismissing Clean Water Act and state law claims for lack of jurisdiction because "[t]he injection of new requirements for dealing with the [at-issue] sites that are now subject to the CERCLA cleanup . . . would clearly interfere with the cleanup"); *OSI, Inc. v. United States*, 525 F.3d 1294, 1298-99 (11th Cir. 2008) (similar).

[4] Plaintiffs make much of their belief that the EPA has not taken action with respect to the LAS historically, but the EPA only recently designated PFOS and PFOA as hazardous substances under CERCLA. *See* Opp. at 5-6. Plaintiffs' cherry-picked

3

Plaintiffs' claim that their suit will add value if litigated in parallel to the CERCLA Lawsuit. In any event, the Carpet Companies are not asking for the Court to stay this case because the Court already lacks jurisdiction. The Carpet Companies instead ask the Court to stay this case at least until it becomes clear whether the Court will retain jurisdiction at all. Otherwise, the Court and the parties could spend months or even years of their time on this case, all of which would be jurisdictionally-erased in the blink of an eye once the EPA gets involved.

Third, discovery has not begun, and trial has not been set. Plaintiffs nonetheless argue that some "discovery has already been done" in *Johnson*,[5] but they admit that no discovery has actually taken place in this case, including "[d]iscovery related to Mr. Perkins, his farm, and CRBI." *See* Opp. at 14 n.6. And while discovery has likewise not begun and trial has not been set in the CERCLA Lawsuit, that ignores the relevant inquiry, which focuses on the case that should be stayed.

Finally, Plaintiffs ignore the multiple other circumstances supporting a stay here. *See Williams v. Wynn*, 2014 U.S. Dist. LEXIS 38903, at *7 (N.D. Ga. Mar.

---

quotation from Dalton Utilities' argument at the summary judgment hearing in *Johnson* also misses the mark (*see id.* at 6), as that argument made clear that "there is a ***realistic probability*** that changes will occur at the LAS under EPA's or EPD's direction based on recent regulatory developments." *Johnson* Mot. for Summ. J. Hr'g Tr. at 31:14-17 (emphasis added).

[5] Plaintiffs ignore that *Johnson* has a protective order, which prohibits Plaintiffs' counsel from using the *Johnson* discovery in different cases with different plaintiffs.

4

25, 2014) ("A variety of circumstances may justify a district court stay pending the resolution of a related case[.]"). For example, as discussed in the Carpet Companies' Motion to Stay, the Court should defer to the CERCLA Lawsuit under "the first-filed rule." *Mun. Gas Auth. of Ga. v. Town of Smyrna*, 2012 U.S. Dist. LEXIS 41856, at *6 (N.D. Ga. Mar. 27, 2012). "The rule is based on principles of comity and sound judicial administration" and is "intended to []maximize judicial economy and minimize embarrassing inconsistencies." *Id.*

The fact that these Plaintiffs' lawyers spent years participating in discovery on behalf of a client (Mr. Johnson) who lacked standing to pursue relief related to the LAS is not a justification for pushing forward with this case. The discovery in that case, to the extent it is relevant and helpful to remedying the LAS, can be used just as readily in the CERCLA Lawsuit. While Plaintiffs' counsel undoubtedly wants a redo on *Johnson*, that desire does not outweigh the valid concerns raised by Defendants regarding potentially conflicting judgments and the waste of judicial and party resources litigating two cases seeking the same (or substantially similar) relief regarding the same piece of property.

## **CONCLUSION**

For the foregoing reasons and the reasons set out in their Motion to Stay, the Carpet Companies respectfully request that the Court stay this lawsuit pending resolution of the CERCLA Lawsuit.

Dated: July 9, 2025                                   Respectfully submitted,

| | |
|---|---|
| */s/ Jennifer B. Dempsey* | */s/ Jason Rottner* |
| Jennifer B. Dempsey | Jason Rottner |
| Georgia Bar No. 217536 | Georgia Bar No. 678137 |
| Ann W. Ferebee | William J. Repko III |
| Georgia Bar No. 431941 | Georgia Bar No. 301797 |
| McClellon D. Cox III | Andrew A. Roberts |
| Georgia Bar No. 967588 | Georgia Bar No. 425333 |
| | |
| BRYAN CAVE LEIGHTON PAISNER LLP | ALSTON & BIRD LLP |
| 1201 W. Peachtree Street, 14th Floor | 1201 W. Peachtree Street, Suite 4900 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30309 |
| Tel: 404-572-6600 | Tel: 404-881-7000 |
| Fax: 404-572-6999 | Fax: 404-881-7777 |
| | jason.rottner@alston.com |
| | jay.repko@alston.com |
| | andrew.roberts@alston.com |
| *Counsel for Defendants* | |
| *Shaw Industries, Inc. and* | |
| *Shaw Industries Group, Inc.* | *Counsel for Defendants* |
| | *Aladdin Manufacturing Corporation,* |
| | *Mohawk Industries, Inc., and* |
| | *Mohawk Carpet, LLC* |

## **CERTIFICATION UNDER LOCAL RULE 7.1(D)**

Pursuant to Northern District of Georgia Civil Local Rule 7.1(D), I hereby certify that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1(C).

*/s/ Andrew A. Roberts*
Andrew A. Roberts
Georgia Bar No. 425333
ALSTON & BIRD LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that July 9, 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to counsel of record.

*/s/ Andrew A. Roberts*
Andrew A. Roberts
Georgia Bar No. 425333
ALSTON & BIRD LLP