## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

Coosa River Basin Initiative; Raymond
J. Perkins, Jr.; J. Perkins Farms, LLC,

*Plaintiffs*,

v.

3M Company, *et al.*,

*Defendants*.

Civil Action No. 4:25-cv-00075-AT

## NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTIONS TO STAY

Plaintiffs file this Notice of Supplemental Authority in support of their Omnibus Opposition to the pending Motions to Stay filed by various Defendants. *See* Docs. 60-1 (Dalton Utilities' Brief ISO Mtn.); 76-1 (Supplier Defs.' Brief ISO Mtn.); 104-1 (Carpet Defs.' Brief ISO Mtn.); 129 (Plfs.' Omnibus Opp.); 129 (Supplier Defs.' Reply); 131 (Dalton Utilities' Reply); 132 (Carpet Defs.' Reply). Plaintiffs state:

1.    **Exhibit 1** is an August 8, 2025 order from the Superior Court of Whitfield County, Georgia in the case *Aladdin Mfg. Corp. et al. v. 3M Co. et al.*, 24CI01575 (Super. Ct. Whitfield Cnty., Ga.), denying motions to stay premised on the same CERCLA lawsuit at issue in the Motions to Stay in this Action.

2.    *Aladdin* is a lawsuit brought by the same Mohawk entities that are Defendants in this Action—Aladdin Manufacturing Corporation; Mohawk Industries, Inc.; and Mohawk Carpet, LLC (collectively "Mohawk")—against some of the same chemical manufacturers that are also Defendants in in this Action: 3M Company; EIDP, Inc.; The Chemours Company; and Daikin America, Inc. Mohawk seeks indemnification of judgment and settlement costs paid by Mohawk in past, current, and future PFAS litigation.

3.    As is the case here, Defendants in *Aladdin* moved to stay proceedings pending resolution of Dalton Utilities' CERCLA lawsuit, with arguments that echo those made in support of the Motions to Stay in the present case: "the CERCLA case contains identity of parties and issues and . . . a stay would be beneficial to all the parties since duplication of litigation and the risk of inconsistent judgments would be avoided, all the while reducing the burden and costs borne by each party." Ex. 1, at 6.  The court in that action rejected the sought stay, emphasizing "the distinctions between the parties involved, the issues presented, and the potential relief available." *Id.* at 7. Those factors, particularly the latter two, bear on the current dispute in this Action as only Plaintiffs' lawsuit—not Dalton Utilities'—seeks the injunctive relief necessary to compel remediation of the LAS and cease Dalton Utilities' unlawful discharges of PFAS to the Upper Coosa River Basin.

4.    **Exhibit 2** is Mohawk's brief in opposition to the motions to stay in the Mohawk action. There, Mohawk insists that *its case* must proceed now, deriding the "remarkable" inconsistency of the Chemical Manufacturers for labeling the CERCLA court as "the only court capable" of resolving the dispute while simultaneously moving to dismiss the same CERCLA case for lack of jurisdiction. As Mohawk puts it:

> [W]hile [the Chemical Manufacturers] are telling this Court that the CERCLA Case is the proper case to resolve their dispute with Mohawk, they are telling the court in the CERCLA case that it is the wrong court too. But the truth of the matter is that this Court—and not the court in the CERCLA case—is the only Court that can resolve the entirety of Mohawk's claims, and there is therefore no basis for the Chemical Manufacturers' stay request under Georgia law.

Ex. 2, at 11; *see id.* at 10-21 (Mohawk arguments against a stay). But *here*, Mohawk embraces the same duplicitous stance it previously condemned—arguing that Plaintiffs and the broader public they seek to protect should wait for years while Dalton Utilities' CERCLA case runs its course, and that such a ruling won't prejudice Plaintiffs but promote judicial efficiency and mitigate a "substantial risk of inconsistent decisions." Doc. 104-1, at 1; *see generally* Docs. 104-1, 132.

5.    The same reasoning Mohawk used to defeat a stay in its forum fits Plaintiff's position here. Its about-face reflects the common currency of all Defendants—seeking to make this case gather dust, not out of principle, but to delay and gain a leg up by any means.

3

Respectfully submitted this 14th day of August, 2025.

/s/ *Robert Akira Watson*
R. Akira Watson (phv)
Hirlye R. "Ryan" Lutz, III (phv)
F. Jerome Tapley (phv)
Brett C. Thompson (phv)
Hunter M. Phares (GA Bar # 600149)
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-2000
Fax: (205) 324-7896
awatson@corywatson.com
rlutz@corywatson.com
jtapley@corywatson.com
bthompson@corywatson.com
hphares@corywatson.com

Gary A. Davis (phv)
Keith A. Johnston (phv)
Louis W. Ringger, III (phv)
DAVIS, JOHNSTON & RINGGER, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Facsimile: (828) 398-0435
gadavis@enviroattorney.com
kjohnston@enviroattorney.com
bringger@enviroattorney.com

Thomas Causby (GA Bar # 968006)
CAUSBY FIRM, LLC
P.O. Box 488
Dalton, GA 30722
Telephone: (706) 278-0525
Facsimile: (706) 229-4363
tom@causbyfirm.com

*Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

This 14th day of August, 2025.

<u>/s/ *Robert Akira Watson*</u>

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing has been filed

electronically with the Clerk of the Court by using the CM/ECF system which will

automatically email all counsel of record.

This 14th day of August, 2025.

/s/ *Robert Akira Watson*