IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| COOSA RIVER BASIN INITIATIVE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | Case No. 4:25-cv-00075-AT |

**MOHAWK'S RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Aladdin Manufacturing Corporation, Mohawk Industries, Inc., and Mohawk Carpet, LLC (collectively "Mohawk") file this Response to Plaintiffs' Notice of Supplemental Authority [Dkt. 143] and state as follows:

1. On August 14, 2025, Plaintiffs filed a Notice of Supplemental Authority (the "Notice") that purportedly supports their Opposition to Defendants' pending Motions to Stay this case in deference to *City of Dalton v. 3M Company*, No. 4:24-cv-00293-WMR (N.D. Ga.) (the "CERCLA Lawsuit").

2. Plaintiffs' Notice concerns a case filed in 2024 by Mohawk against the Chemical Manufacturers (*i.e.*, 3M, DuPont, and Daikin) in which Mohawk alleges, among other things, that the Chemical Manufacturers committed fraud by selling

PFAS-containing products to Mohawk without disclosing the actual or potential presence of PFAS and the potential risks of PFAS. *See Aladdin Mfg. Corp. v. 3M Co.*, No. 24CI01575 (Whitfield Cnty. Super. Ct.) ("*Aladdin*").

3. As Plaintiffs acknowledge, in *Aladdin*, Mohawk seeks to recover from the Chemical Manufacturers the settlements and any judgments paid by Mohawk in any and all past, current, and future PFAS-related litigation, including cases in Alabama, Georgia, and South Carolina and assorted claims by individual landowners that are not related to the LAS.

4. Plaintiffs' Notice includes Mohawk's brief opposing the Chemical Manufacturers' motions to stay or dismiss *Aladdin*, which was filed back in March 2025—before Plaintiffs filed their Opposition to Defendants' Motions to Stay and therefore is hardly a supplemental recent authority—and the Superior Court's order denying the Chemical Manufacturers' motions to stay or dismiss, thereby allowing Mohawk's case to go forward.

5. Plaintiffs misstate Mohawk's positions in *Aladdin* and overstate the Superior Court's order. Mohawk opposed the Chemical Manufacturers' motions to stay in *Aladdin* primarily because that case involves Mohawk's affirmative claims against the Chemical Manufacturers for damages stemming from Mohawk's presence as a named defendant in more than a dozen PFAS-related lawsuits (of which the CERCLA Lawsuit is just one). By contrast, the CERCLA Lawsuit

involves Dalton Utilities' attempt to hold Mohawk, the Chemical Manufacturers, and other defendants liable for the alleged contamination of the LAS. In other words, the liability at issue in *Aladdin* is not the same liability at issue in the CERCLA Lawsuit. Accordingly, there was no basis to stay *Aladdin* in deference to the CERCLA Lawsuit in that instance, and the Superior Court in *Aladdin* agreed.

6. On the other hand, this case—just like the CERCLA Lawsuit—concerns the parties' liability for alleged contamination of the LAS and seeks to recover costs associated with remediating the LAS. Thus, as argued in Mohawk's Motion to Stay, there is a very real risk of inconsistent judgments and remediation related to the same piece of property.[1]

7. Ultimately, Plaintiffs' Notice changes nothing in this case since the parties, claims, and issues are very different when comparing *Aladdin* with this case versus the issues in the CERCLA Lawsuit. Finally, the briefing and the Superior Court's order in *Aladdin* of course did not involve the very real risk that this Court

---

[1] Mohawk has conferred with Defendant The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities ("Dalton Utilities"), which states that, although Dalton Utilities was not a party to *Aladdin*, it agrees that the Superior Court's order in *Aladdin* has no bearing on Dalton Utilities' Motion to Stay [Dkt. 60] in this case. The *Aladdin* case did not implicate the same overlapping parties, facts, legal issues, or, most importantly, seek to remediate the very same property as Dalton Utilities' CERCLA Lawsuit. As set forth in Dalton Utilities' Motion to Stay, this case does. Therefore, the Superior Court's order is not only non-binding authority, it also is not persuasive for Defendants' Motions to Stay or even analogous.

3

could be divested of jurisdiction if the EPA gets involved in the CERCLA Lawsuit, which further distances this case from *Aladdin*.

8.  This case is essentially a copycat action of the CERCLA Lawsuit filed first by Dalton over its wastewater treatment site. *Aladdin* was not a candidate for a stay because it is not duplicative of any other actions and instead is Mohawk's effort to recoup the costs the company has improperly incurred (and will continue to incur) due to the Chemical Manufacturers' misconduct. Accordingly, Mohawk respectfully requests that the Court disregard Plaintiffs' irrelevant Notice and grant Defendants' pending Motions to Stay.

Dated:  August 15, 2025

Respectfully submitted,

<u>*/s/ Jason Rottner*</u>
Jason Rottner
Georgia Bar No. 678137
William J. Repko III
Georgia Bar No. 301797
Andrew A. Roberts
Georgia Bar No. 425333

ALSTON & BIRD LLP
1201 W. Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
jason.rottner@alston.com
jay.repko@alston.com
andrew.roberts@alston.com

*Counsel for Defendants
Aladdin Manufacturing Corporation,
Mohawk Industries, Inc., and
Mohawk Carpet, LLC*

## **CERTIFICATION UNDER LOCAL RULE 7.1(D)**

Pursuant to Northern District of Georgia Civil Local Rule 7.1(D), I hereby certify that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1(C).

                                            */s/ Andrew A. Roberts*
                                            Andrew A. Roberts
                                            Georgia Bar No. 425333
                                            ALSTON & BIRD LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that August 15, 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to counsel of record.

/s/ *Andrew A. Roberts*
Andrew A. Roberts
Georgia Bar No. 425333
ALSTON & BIRD LLP

7