**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| Coosa River Basin Initiative, | ) | |
| Raymond J. Perkins, Jr., J. Perkins | ) | |
| Farms, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:25-cv-00075-AT |
| 3M Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

Consolidation is ultimately an issue of case management in this Court's discretion. Plaintiffs do not dispute that *Johnson* and *CRBI* are at different procedural stages. The question under Rule 42(a) is simply whether, given that reality, consolidation still best serves judicial efficiency and fairness.

Defendants strenuously oppose consolidation, stating three essential grounds: that Plaintiffs delayed in seeking it, that it would prejudice two *Johnson*-only defendants, and that different postures negate any procedural gains that consolidation would theoretically provide.

1

The first two arguments are unhelpful. Delay in seeking consolidation is not itself a metric under Rule 42. The timing of a motion is relevant, as Defendants' cases show, if it causes prejudice or undermines efficiency. *See Jackson v. Dolgencorp, LLC*, No. 1:21-CV-828-MHC-JEM, 2022 WL 22329210, at *3 (N.D. Ga. Nov. 23, 2022) (denying consolidation where the plaintiff, though aware of her FMLA claim when filing her original suit, omitted it, and later sought to consolidate new FMLA suit with fully briefed original case, reopening discovery and delaying adjudication); *Weissman v. Williams*, No. 1:15-CV-40(WLS), 2018 WL 9439690, at *6 (M.D. Ga. Aug. 15, 2018) (denying consolidation where plaintiffs, long aware of their claims, had dismissed and refiled them in a later case, and consolidation would have altered procedural posture and limited a defendant's ability to assert defense). The timing of this motion is not at fault for the procedural gaps separating *Johnson* and *CRBI*. And it has not caused the only specific risk of prejudice that Defendants identify: potential confusion concerning two *Johnson*-only defendants.[1] Nor is this risk compelling. Juries can and do distinguish parties and claims—unavoidable tasks in both cases regardless of this motion's outcome.

---

[1] Claims against Americhem have been disposed of by summary judgment, leaving only Chem-Tech and MFG as defendants absent in *CRBI*.

2

That leaves the true issue: whether consolidation best serves judicial economy and fairness. Plaintiffs recognize that considerations point in both directions. The two cases are in different postures and separated by years of litigation. Much of the work product accounting for that separation, however, applies equally in *CRBI*; and alignment is realistic with targeted discovery and expedited scheduling. It is also plain that the cases concern the same underlying conduct, involve virtually the same defendants and witnesses, and would, if tried separately, require lengthy and duplicative presentation of overlapping facts and evidence.

Consolidation also offers practical benefits that extend beyond eliminating duplication, expense, or inconsistency. *Johnson* still faces many milestones before trial, and *CRBI* has motions to stay aimed at postponing progress. Separate tracks allow Defendants to maintain a wait-and-see posture with piecemeal litigation. But a joint trial setting would bring clarity and momentum to both cases, putting all issues and risk on the table. That structure would naturally promote progress toward resolution.

Consolidation is within this Court's discretion, and Plaintiffs acknowledge its initial disinclination. But on balance, these circumstances provide good grounds for it.

Respectfully submitted this 13th day of October, 2025.

/s/ Robert Akira Watson
R. Akira Watson (*Pro Hac Vice*)
Brett C. Thompson (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
F. Jerome Tapley (*Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (800) 852-6299
Facsimile: (205) 324-7896
awatson@corywatson.com
bthompson@corywatson.com
rlutz@corywatson.com
jtapley@corywatson.com

Gary A. Davis (*Pro Hac Vice*)
Keith A. Johnston (*Pro Hac Vice*)
Louis W. Ringger, III *(Pro Hac Vice)*
DAVIS, JOHNSTON & RINGGER, P.C.
21 Battery Park Avenue, Suite 206
Asheville, North Carolina 28801
Telephone: (828) 622-0044
Facsimile: (828) 398-0435
gadavis@enviroattorney.com
kjohnston@enviroattorney.com
bringger@enviroattorney.com

Thomas Causby (GA Bar No. 968006
CAUSBY FIRM, LLC
P.O. Box 488
Dalton, Georgia 30722
Telephone: (706) 278-0525
Facsimile: (706) 229-4363
tom@causbyfirm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

This 13th day of October, 2025.

*/s/ Robert Akira Watson*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system which will automatically email all counsel of record.

This 13th day of October, 2025.

*/s/ Robert Akira Watson*