IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| COOSA RIVER BASIN INITIATIVE; RAYMOND J. PERKINS, JR.; and J. PERKINS FARMS, LLC, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 4:25-cv-75-AT |
| v. | : : : | |
| 3M COMPANY; EIDP INC. f/k/a E.I. DUPONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; CORTEVA, INC.; INV PERFORMANCE SURFACES, LLC; DAIKIN AMERICA, INC.; SHAW INDUSTRIES, INC.; SHAW INDUSTRIES GROUP, INC.; ALADDIN MANUFACTURING CORPORATION; MOHAWK INDUSTRIES, LLC; THE CITY OF DALTON, GEORGIA, acting through its Board of Water, Light and Sinking Fund Commissioners d/b/a DALTON UTILIES, | : : : : : : : : : : : : : : : | |
| Defendants. | : | |

## **ORDER OF APPOINTMENT OF SPECIAL MASTER**

The Court held a status conference in this matter on April 29, 2026. (Doc. 163). The purpose of the conference was to discuss the appointment of a special master pursuant to Fed. R. Civ. P. 53. At the conference, the Court explained to the parties that the special master's role in this case would be primarily one of case

management as well as other duties, to be designated, essential to moving the case forward through complex discovery and initial motion practice. Counsel for all parties confirmed that they agreed to the appointment of Carlos A. González[1] as special master in this case. Accordingly, having provided the parties the requisite notice and opportunity to be heard, the Court **APPOINTS** Carlos A. González as special master, pursuant to Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure and subject to the provisions of this Order. The Court hereby **ORDERS** as follows:

(1)    Mr. González shall serve as special master ("Special Master") in this case and shall discharge the following overall duties:

(2)    The Special Master shall mediate, resolve and, when necessary, issue reports and recommendations ("R&Rs") regarding discovery disputes arising in this matter through summary judgment, and take other proactive measures as necessary to manage discovery and resolve discovery disputes efficiently and fairly. Additionally, and with notice to the parties, the Court may refer non-discovery motions to the Special Master for purposes of issuing R&Rs, or where appropriate, resolving such motions through mediation.

(3)    The Special Master shall reasonably determine the appropriate procedures for resolution of all assigned matters after consultation with the parties and shall have the authority to take all appropriate measures to perform the assigned duties with such exceptions to procedure as set forth below.

---

[1] Mr. González currently serves as special master in the related case *Johnson v. 3M Company, et al.*, 4:20-cv-0008-AT.

2

(4)   Discovery disputes shall be governed as follows:

a) In accordance with the parties' obligations under L.R. 37.1(A)(1), NDGa, any party wishing to raise a discovery dispute before the Special Master must first meet and confer with counsel for the opposing party.

b) In the event the parties are unable to resolve the discovery dispute after meeting and conferring, the party wishing to raise the discovery dispute with the Special Master shall promptly notify the Special Master.

c) The Special Master may take any reasonable steps to resolve the discovery dispute without the filing of a formal motion including, *inter alia*, requiring the parties to submit short statements summarizing the dispute and, in turn, the Special Master shall schedule and hold a conference with counsel to address the parties' arguments.

d) If the Special Master is unable to resolve the discovery dispute informally, the party wishing to raise the discovery dispute with the Special Master shall file a motion in accordance with LR 37.1, NDGa.

e) The filing and service of motions arising from discovery disputes shall comply with the requirements set forth in LR 7.1, NDGa. In addition to filing such motions and supporting papers with the

Court, the party raising the discovery dispute shall serve the Special Master by electronic mail.

f) The Special Master may issue an R&R on any discovery dispute that has been fully briefed in accordance with the procedures set forth herein: (1) without oral argument; or (2) after scheduling oral argument by the parties, either by telephonic conference or an in-person conference. The Special Master shall confer with the parties as to an agreeable time and location for any such conference.

g) Upon consideration of any discovery dispute raised and briefed in accordance with the procedures set forth herein, the Special Master shall enter an R&R setting forth the decision and basis for the decision sufficient to permit the Court's review under Fed. R. Civ. P. 53(f).

(5)    The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

(6)    Pursuant to Rule 53(a)(2) and 53(b)(3)(A) the Special Master has filed an affidavit with this Court[2] that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

---

[2] The affidavit is attached to this Order.

(7)    The parties and the Special Master may not communicate on an *ex parte* basis, other than (a) as part of any mediation activity, with prior notice to all parties, or (b) for minor administrative matters. The Special Master, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case.

(8)    The parties shall file with the Clerk all papers filed for consideration by the Master, to the extent not already filed with the Clerk. The Special Master shall also file with the Clerk all reports or orders.

(9)    The Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings, and/or recommendations with the Court via Electronic Case Filing ("ECF"). Such filing shall constitute service in accordance with LR 5.1(A), NDGa.

(10)    The Court's action on any written orders, findings, and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f).

(11)    Any party seeking review of any ruling of the Special Master shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(f).

(12)    The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay. Pursuant to Rule 53(g), the Special Master shall be compensated at an

hourly rate of $785 per hour for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall not charge for travel time, but shall charge for travel expenses to the extent they are incurred. The Special Master shall provide an invoice for his services to all the parties on a monthly basis and those bills shall be promptly paid. The Special Master's fee shall be allocated evenly between the Plaintiff's side and the Defendants' side, with 50% allocated to Plaintiff and 50% allocated to Defendants. Given the uncertain length of time that the Special Master's services will be required, on or near the annual anniversary of this Order of Appointment, so long as the Special Master continues his service, he may seek an appropriate and reasonable increase in his hourly compensation. Any request for future adjustment in the Special Master's hourly rate must be undertaken by the Special Master in consultation with the parties.

(13)   Consistent with Rule 53(b)(4), this Order may be amended at any time after notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED** this 5th day of May, 2026.

_____
**Honorable Amy Totenberg**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

COOSA RIVER BASIN INITIATIVE;
RAYMOND J. PERKINS, JR., and J.
PERKINS FARMS, LLC;

      Plaintiffs,

v.                                                          Civil Action №: 4:25-cv-75-AT

3M COMPANY, *et al.*,

      Defendants.

**SPECIAL MASTER'S DECLARATION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 53**

My name is Carlos A. González, and I make this declaration based on personal knowledge. I submit the declaration in compliance with the requirements of Federal Rule of Civil Procedure 53(b)(3)(A) and with knowledge of the Court's intention to appoint me as the special master in the above-captioned case.

1.

I am the principal and founder of The González Firm, LLC and an attorney at law licensed to practice in the State of Georgia. I am

1

admitted to all state trial and appellate courts in Georgia. I am also admitted to practice before The Supreme Court of the United States, The United States Court of Appeals for the Eleventh Circuit, The United States District Court for the Middle District of Georgia, and The United States District Court for the Northern District of Georgia.

2.

I have familiarized myself with the parties to the case and their counsel as listed on the Court's docket. I am also generally aware of the issues to be referred. As a result of my review, I can attest and affirm that there are no grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as the special master in the captioned case.

3.

By way of additional disclosures, I am currently the special master in *Johnson v. 3M Company, et al.,* Civil Action № 4:20-cv-8-AT, United States District Court for the Northern District of Georgia, Rome Division. All of the named defendants in *Perkins* are also defendants in *Johnson*. To the best of my knowledge, the defendants in *Perkins* are represented by the same law firms that represent those same

defendants in *Johnson*. I have no prior involvement, personal or professional, with any named plaintiff in *Perkins*; however, plaintiffs' counsel in this case are, in large part, the same attorneys who serve as plaintiffs' counsel in *Johnson*.

\* \* \*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of April 2026.

_____

C. A. González
Georgia Bar № 300330

**THE GONZÁLEZ FIRM, LLC**
P. O. Box 49754
Atlanta, GA 30359-2754
770•908•1113
cag@gonzalez-law.com
www.gonzalez-law.com

3